UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIG INSURANCE COMPANY<br>5205 North O'Connor Boulevard<br>Irving, Texas 75039<br><br>   Plaintiff,<br><br>vs.<br><br>FIREMEN'S INSURANCE COMPANY<br>  OF WASHINGTON, DC<br>4820 Lake Brook Drive, Suite 300<br>Glen Allen, Virginia  23060<br><br>   Defendant. | Civil Action No: |

# COMPLAINT

Plaintiff, TIG Insurance Company ("TIG"), by counsel, brings this Complaint against Firemen's Insurance Company of Washington, D.C. ("Firemen's"), and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for declaratory relief pursuant to 28 U.S.C. § 2201, *et seq.*, to establish the amount owed by Firemen's in payment of its share of legal fees and expenses incurred in defending its insured, Millennium Partners, LLP ("Millennium") and its subsidiary, 2200 M Street LLC ("2200 M Street"), in certain tort actions as specified in a Settlement Agreement and Release that resolved a number of related matters, including an insurance coverage action brought by Millennium against TIG, and another insurance coverage

683481v.1

action brought by Millennium against Firemen's. TIG also frames its claim as one sounding in breach of contract, seeking the amount owed by Firemen's as damages. The amount owed by Firemen's under the Settlement Agreement and Release is substantially in excess of $75,000.

## THE PARTIES

2. TIG is a corporation organized under the laws of California with its principal place of business in Irving, Texas.

3. On information and belief, Firemen's is a corporation organized under the laws of Delaware, with its principal place of business in Glen Allen, Virginia, and was at all relevant times a corporation licensed and qualified to do business, and is and was doing business, in the District of Columbia.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction of this matter pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and there is diversity between Plaintiff and Defendant.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391. Upon information and belief, Defendant has transacted business or contracted to insure persons, property and/or risks within this District and is subject to service of process in this Court.

## THE UNDERLYING CLAIMS AT ISSUE

7. This case arises from the construction of "Millennium Square" (the "Project"), a one million square foot mixed-use building located in the West End neighborhood of Washington, DC. The Project is owned by 2200 M Street, a

683481v.1

single purpose limited liability company formed by Millennium for the sole purpose of developing the Project. The Project includes 161 residential condominium units, a Ritz-Carlton hotel, retail space, an underground parking garage and a health club. The condominium units, called the Residences at the Ritz-Carlton (the "Residences"), were constructed in a two-tower configuration; a North Tower at 23rd and M Streets NW, and a South Tower at 23rd and L Streets NW. The Project was certified as substantially complete by the architect, Shalom Baranes Associates, P.C., as of March 20, 2001.

8. Following substantial completion of the Project, in August 2001, and again in March, 2002, the Residences experienced significant flooding events. Ensuing investigations revealed additional leakage from plumbing fittings and fixtures. On May 15, 2002, 2200 M Street distributed a "Plan of Action" for addressing water-related issues at the Project to the condominium unit owners at the Residences.

9. Certain condominium owners and condominium residents subsequently submitted claims (the "Resident Claims") to 2200 M Street complaining about alleged water intrusion and mold. At least 11 of those residents filed lawsuits (the "Resident Lawsuits") against 2200 M Street in the Superior Court of the District of Columbia and in this Court, seeking monetary recovery for alleged bodily injury and/or property damage stemming from the purported water intrusion and mold.

10. 2200 M Street responded to the Resident Lawsuits by, *inter alia*, suing a number of entities who were involved in the design and construction of

683481v.1

the Project in the Supreme Court of New York. In a separate lawsuit, Millennium also sued the insurers, including TIG, which participated in an Owner-Controlled Insurance Program ("OCIP") providing general liability insurance coverage to Millennium and 2200 M Street, along with the contractors and subcontractors participating in the construction of the Project, in <u>2200 M Street LLC v. St. Paul Fire & Marine Ins. Co.</u>, Civil No. 127209/02, Supreme Court of New York, County of New York). Millennium then sued Firemen's, its CGL carrier, in another separate lawsuit captioned <u>2200 M Street LLC v. Firemen's Insurance Co. of Washington, DC</u>, Civil No. 119393/03, Supreme Court of New York, County of New York, seeking a defense and indemnification from Firemen's under policy nos. 11-2-3195-08-01 and 11-2-3195-08-02.

11. The insurance coverage and liability actions in New York were resolved in accordance with a confidential Settlement Agreement and Release, circulated among the parties for signature by the mediator, John Bickerman, Esquire of Bickerman Dispute Resolution, on March 28, 2005.

12. In Paragraph 8 of the Settlement Agreement and Release, TIG agreed to assume the defense of Millennium, 2200 M Street and other enumerated related entities in the Resident Lawsuits.

13. In Paragraph 9 of the Settlement Agreement and Release, Millennium agreed to dismiss with prejudice its insurance coverage action against Firemen's. Firemen's, in turn, agreed to contribute to TIG twenty-five percent (25%) of the attorneys' fees and expenses incurred in defending Millennium in ten of the Resident Lawsuits filed against Millennium, as follows: <u>Johnson-

Brown v. 2200 M Street LLC, No. 02-CA-005784 (D.C. Super. Ct.); Gannon v. 2200 M Street LLC, No. 03-CA-003973 (D.C. Super. Ct.); Labson v. 2200 M Street LLC, No. 03-CA-009287 (D.C. Super. Ct.); Foster v. 2200 M Street LLC, No. 03-CA-007312 (D.C. Super. Ct.); McLeod v. 2200 M Street LLC, No. 03-CA-007627 (D.C. Super. Ct.); Mackell v. 2200 M Street LLC, No. 04-CA-000905 (D.C. Super. Ct.); Murphy v. 2200 M Street LLC, No. 1:04-CV-00346 (U.S. Dist. Ct., D.D.C.); McHugh v. 2200 M Street LLC, No. 1:03-CV-01535 (U.S. Dist. Ct., D.D.C.); Anderson v. Millennium Partners LLC, Civil No. 04-CV-02251 (U.S. Dist. Ct., D.D.C.); and Madden v. 2200 M Street LLC, No. 04-CA-009811 (D.C. Super. Ct.).

14. Robert Buchert, Senior Litigation Specialist and an authorized representative of Firemen's, executed the Settlement Agreement and Release on Firemen's behalf.

15. TIG, directly and through counsel, has made repeated demands on Firemen's for its 25% share of defense costs and expenses associated with the defense of Millennium in the ten designated Resident Lawsuits.

16. Notwithstanding its contractual undertaking in the Settlement Agreement and Release, Firemen's has not made any contribution to TIG for Millennium's defense costs and expenses associated with the ten designated Resident Suits.

683481v.1

17.  TIG has paid Firemen's 25% share of Millennium's defense costs and expenses to defense counsel in the ten designated Resident Lawsuits, subject to its demand for reimbursement from Firemen's.

## COUNT I

## **DECLARATORY JUDGMENT**

18.  Plaintiff repeats and realleges all of the allegations set forth previously in this Complaint as if fully set forth herein.

19.  Notwithstanding TIG's demands for contribution from Firemen's, Firemen's has refused to acknowledge its obligations and has not agreed to contribute its 25% share to defense costs and expenses of the ten designated Resident Lawsuits as required by the terms and conditions of the Settlement Agreement and Release.

20.  An actual controversy of a justiciable nature presently exists between TIG and Firemen's concerning Firemen's proper contribution to Millennium's defense costs and expenses in the ten designated Resident Lawsuits. The controversy is of sufficient immediacy to justify the issuance of a declaratory judgment.

21.  TIG is entitled to a declaration that Firemen's owes TIG 25% of all of Millennium's defense costs and expenses already incurred by TIG in defense of the ten designated Resident Lawsuits, and to a declaration that Firemen's will continue to owe a 25% contribution to those defense costs and expenses in the future, until the ten designated Resident Lawsuits are finally resolved through settlement or adjudication.

683481v.1

## COUNT II

## BREACH OF CONTRACT

22. Plaintiff repeats and realleges all of the allegations set forth previously in this Complaint as if fully set forth herein.

23. Notwithstanding TIG's demands for contribution from Firemen's, Firemen's has refused to acknowledge its obligations and has not agreed to contribute its 25% share to defense costs and expenses of the ten designated Resident Lawsuits as required by the terms and conditions of the Settlement Agreement and Release.

24. Firemen's has breached its contractual obligation to TIG to contribute 25% of the defense costs and expenses of the ten designated Resident Lawsuits as required by the terms and conditions of the Settlement Agreement and Release.

25. TIG is entitled to damages for breach of contract in the amount of 25% of all defense costs and expenses actually incurred by TIG in the defense of Millennium in the ten designated Resident Lawsuits.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff TIG Insurance Company respectfully demands judgment against Defendant Firemen's Insurance Company of Washington, DC, in the form of:

- A declaration pursuant to 28 U.S.C. § 2201, *et seq.*, that Firemen's must contribute 25% of all of Millennium's defense costs and expenses incurred, and to be incurred, in the ten designated Resident Lawsuits;

683481v.1

- Damages for breach of contract in the amount of 25% of all of Millennium's defense costs and expenses actually incurred by TIG in the ten designated Resident Lawsuits;

- Attorneys' Fees and Costs of this action; and

- Such further relief as the Court deems just and proper.

Dated this 27th day of March, 2008.

Robert N. Kelly, Esquire
DC Bar No. 287276
JACKSON & CAMPBELL. P.C.
1120 20th Street NW, Suite 300-S
Washington, DC  20036
(202) 457-1600
(202) 457-1678 facsimile
rkelly@jackscamp.com

Attorney for Plaintiff
TIG Insurance Company

683481v.1

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
TIG Insurance Company

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

Dallas County, Texas

## DEFENDANTS
Firemen's Insurance Company of Washington, DC

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Robert N. Kelly, Esquire-202.457.1600
Jackson & Campbell, P.C.
1120 20th Street, NW, Suite 300-South
Washington, D.C. 20036

ATTORNEYS (IF KNOWN)
UNKNOWN

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. *Antitrust*
☐ 410 Antitrust

### ☐ B. *Personal Injury/ Malpractice*
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. *Administrative Agency Review*
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. *General Civil (Other)* OR ☐ F. *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☒ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☒ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 U.S.C. Sections 2201 et seq.  Suit for declaratory judgment and damages for breach of contract.

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐  DEMAND $ _____  Check YES only if demanded in complaint  JURY DEMAND: ☐ YES  ☒ NO

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  ☐ YES  ☒ NO  If yes, please complete related case form.

DATE 3.27.08  SIGNATURE OF ATTORNEY OF RECORD  *Robert Kell* (signature)

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.