IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIG INSURANCE COMPANY : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CASE NO: 1:08-cv-00528 (RMU) |
| : | |
| FIREMEN'S INSURANCE COMPANY : | |
| OF WASHINGTON, D.C. : | |
| : | |
| Defendant. : | |

## DEFENDANT FIREMEN'S INSURANCE COMPANY OF WASHINGTON, D.C.'S ANSWER TO THE FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, the Defendant, Firemen's Insurance Company of Washington, D.C., by and through its attorneys, Samuel J. DeBlasis, II, James S. Liskow and DeCaro, Doran, Siciliano, Gallagher & DeBlasis, LLP, and for Answer to the Plaintiff's First Amended Complaint, says:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claim is barred by the statute of limitations.

### THIRD DEFENSE

Plaintiff assumed the risk of injury and/or was contributory negligent.

### FOURTH DEFENSE

Plaintiff was injured by a person or persons over/which this Defendant had no control.

### FIFTH DEFENSE

That this claim is barred by the doctrine of res judicata.

### SIXTH DEFENSE

That this claim is barred by fraud.

### SEVENTH DEFENSE

That there has been an accord and satisfaction that bars the action.

### EIGHTH DEFENSE

That there has been a mitigation and/or set off that bars this action.

### NINTH DEFENSE

That this action is barred by the doctrine of collateral estoppel.

### TENTH DEFENSE

That this court lacks jurisdiction to hear this claim.

### ELEVENTH DEFENSE

That this claim is barred by illegality.

### TWELFTH DEFENSE

That this claim is barred by the doctrine of laches.

### THIRTEENTH DEFENSE

That this claim is barred by waiver.

### FOURTEENTH DEFENSE

That this action is barred by estoppel.

### FIFTEENTH DEFENSE

Plaintiff's action is barred by the Statute of Frauds.

### SIXTEENTH DEFENSE

That this plaintiff's action is barred by Defendant's immunity.

## SEVENTEENTH DEFENSE

That plaintiff's action is barred by payment.

## EIGHTEENTH DEFENSE

That any claim against Defendant has been released.

## NINETEENTH DEFENSE

That any claim against Defendant has been released or discharged by Bankruptcy proceedings.

## TWENTIETH DEFENSE

That the claim is barred because of Plaintiff's breach of warranty and/or contract.

## TWENTY-FIRST DEFENSE

That the claim is barred because of failure of consideration.

## TWENTY-SECOND DEFENSE

That the claim is barred because Defendant is statutorily exempted from suit.

## TWENTY-THIRD DEFENSE

Plaintiff's claim is barred by the doctrine of ultra vires.

## TWENTY-FOURTH DEFENSE

That the claim is barred because of duress.

## TWENTY-FIFTH DEFENSE

That this claim is barred because it is usurious.

## TWENTY-SIXTH DEFENSE

Defendant avers that it lacks the capacity to be sued.

### TWENTY-SEVENTH DEFENSE

Defendant denies its existence as an entity capable of being sued.

### TWENTY-EIGHTH DEFENSE

Defendant avers that the written instrument(s) involved in this action (was) (were) not executed.

### TWENTY-NINTH DEFENSE

1. Defendant admits the allegation contained in paragraph 1 of the First Amended Complaint (hereafter the Complaint) that the Plaintiff is attempting to assert a declaratory judgment action and that Plaintiff further is attempting to assert a cause of action for breach of contract. Defendant admits that a settlement agreement and release was executed in the underlying action, but avers that such documents referred to in paragraph 1 speak for themselves and therefore no response is required. Defendant lacks sufficient knowledge or information upon which to admit or deny the allegations contained in paragraph 1 that Plaintiff paid all legal fees and expenses as they accrued. Defendant denies the remainder of paragraph 1 of the Complaint.

2. Defendant lacks sufficient knowledge or information upon which to admit or deny the allegations contained in paragraph 2 of the Complaint.

3. Defendant admits the allegations contained in paragraph 3 of the Complaint.

4. The Complaint contains no paragraph 4.

5. This Defendant avers that paragraph 5 of the Complaint asserts a legal conclusion and therefore no response is required. Defendant otherwise denies the allegations contained in paragraph 5.

6. This Defendant avers that paragraph 6 of the Complaint asserts a legal conclusion and therefore no response is required. Defendant otherwise denies the allegations contained in paragraph 6.

7. This Defendant admits the allegations contained in paragraph 7 of the Complaint.

8. This Defendant admits that the underlying Plaintiffs made such allegations in their complaints and further that 2200 M Street LLC attempted to undertake said "plan of action." Defendant denies the remainder of paragraph 8 of the Complaint.

9. This Defendant admits that the underlying Plaintiffs made such allegations in their complaints and filed said lawsuits. Defendant denies the remainder of paragraph 9 of the Complaint.

10. This Defendant admits that 2200 M Street, LLC filed such lawsuits in the Supreme Court of New York. Defendant denies the remainder of paragraph 10 of the Complaint.

11. This Defendant admits that a settlement agreement and release was executed and that such document was circulated by John Bickerman, Esquire. Defendant denies the remainder of paragraph 11 of the Complaint.

12. This Defendant avers that paragraph 12 of the Complaint asserts a legal conclusion and therefore no response is required. Defendant otherwise denies the allegations contained in paragraph 12.

13. This Defendant avers that paragraph 12 of the Complaint asserts a legal conclusion and further, such documents speak for themselves, and therefore no response is required. Defendant otherwise denies the allegations contained in paragraph 13.

14. Defendant admits the allegations contained in paragraph 14 of the Complaint.

15. Defendant admits the allegations contained in paragraph 15 of the Complaint that requests for payment have been made. Defendant otherwise denies the allegations contained in paragraph 15.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant repeats and realleges its responses to paragraphs 1 through 17 of the Complaint.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant avers that paragraph 20 of the Complaint contains legal conclusions and therefore no response is required. Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant avers that paragraph 21 of the Complaint contains legal conclusions and therefore no response is required. Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. Defendant repeats and realleges its responses to paragraphs 1 through 21 of the Complaint.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Any allegation contained in the Complaint not specifically admitted in this Answer is denied.

WHEREFORE, the First Amended Complaint, having fully been answered, Defendant, Firemen's Insurance Company of Washington, D.C. prays that the First Amended Complaint be dismissed with prejudice and that the Plaintiff be ordered to pay Defendant's costs and expenses incurred in defending this action, including reasonable attorney's fees.

Respectfully submitted,

DeCARO, DORAN, SICILIANO,
GALLAGHER & DeBLASIS, LLP

/Samuel J. DeBlasis, II/
Samuel J. DeBlasis, II
D.C. Federal Bar No. 370567
4601 Forbes Boulevard, Suite 200
Lanham, Maryland 20706
(301) 306-4300
sdeblais@decarodoran.com

/James S. Liskow/
James S. Liskow
D.C. Federal Bar No. 501930
4601 Forbes Boulevard, Suite 200
Lanham, Maryland 20706
(301) 306-4300
jliskow@decarodoran.com

## **DEMAND FOR JURY TRIAL**

Defendant, Firemen's Insurance Company of Washington, D.C., by and through undersigned counsel, respectfully requests a jury trial on all issues.

/James S. Liskow/
James S. Liskow

## LOCAL RULE LCvR 7.1 CERTIFICATE

I, JAMES S. LISKOW, counsel of record for Defendant Firemen's Insurance Company of Washington, D.C., certify that to the best of my knowledge and belief, that Firemen's Insurance Company of Washington, D.C. is a subsidiary of W.R. Berkley Corporation, a publicly held company listed on the New York Stock Exchange.

These representations are made in order that judges of this Court may determine the need for recusal.

/James S. Liskow/
James S. Liskow

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of June, 2008, a copy of the foregoing Answer was e-filed to:

Robert N. Kelly, Esquire
JACKSON & CAMPBELL, P.C.
1120 20th Street, N.W., Suite 300-S
Washington, D.C.  20036

/James S. Liskow/
James S. Liskow

I:\Common\WP\L4\JSL\2-CLIENT FILES\TIG Insurance\Answer.wpd

**JS-44**
**(Rev.1/05 DC)**

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

**DEFENDANTS**

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**
**(EXCEPT IN U.S. PLAINTIFF CASES)**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

1  U.S. Government Plaintiff
2  U.S. Government Defendant
3  Federal Question (U.S. Government Not a Party)
4  Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | 1 | 1 | Incorporated or Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### A. *Antitrust*

410 Antitrust

### B. *Personal Injury/Malpractice*

310 Airplane
315 Airplane Product Liability
320 Assault, Libel & Slander
330 Federal Employers Liability
340 Marine
345 Marine Product Liability
350 Motor Vehicle
355 Motor Vehicle Product Liability
360 Other Personal Injury
362 Medical Malpractice
365 Product Liability
368 Asbestos Product Liability

### C. *Administrative Agency Review*

151 Medicare Act

**Social Security:**
861 HIA ((1395ff)
862 Black Lung (923)
863 DIWC/DIWW (405(g)
864 SSID Title XVI
865 RSI (405(g)
**Other Statutes**
891 Agricultural Acts
892 Economic Stabilization Act
893 Environmental Matters
894 Energy Allocation Act
890 Other Statutory Actions (If Administrative Agency is Involved)

### D. *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### E. *General Civil (Other)*  OR  F. *Pro Se General Civil*

**Real Property**
210 Land Condemnation
220 Foreclosure
230 Rent, Lease & Ejectment
240 Torts to Land
245 Tort Product Liability
290 All Other Real Property

**Personal Property**
370 Other Fraud
371 Truth in Lending
380 Other Personal Property Damage
385 Property Damage Product Liability

**Bankruptcy**
422 Appeal 28 USC 158
423 Withdrawal 28 USC 157

**Prisoner Petitions**
535 Death Penalty
540 Mandamus & Other
550 Civil Rights
555 Prison Condition

**Property Rights**
820 Copyrights
830 Patent
840 Trademark

**Federal Tax Suits**
870 Taxes (US plaintiff or defendant
871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
610 Agriculture
620 Other Food &Drug
625 Drug Related Seizure of Property 21 USC 881
630 Liquor Laws
640 RR & Truck
650 Airline Regs
660 Occupational Safety/Health
690 Other

**Other Statutes**
400 State Reapportionment
430 Banks & Banking
450 Commerce/ICC Rates/etc.
460 Deportation

470 Racketeer Influenced & Corrupt Organizations
480 Consumer Credit
490 Cable/Satellite TV
810 Selective Service
850 Securities/Commodities/ Exchange
875 Customer Challenge 12 USC 3410
900 Appeal of fee determination under equal access to Justice
950 Constitutionality of State Statutes
890 Other Statutory Actions (if not administrative agency review or Privacy Act

| G. *Habeas Corpus/ 2255*  <br><br>530 Habeas Corpus-General  <br>510 Motion/Vacate Sentence | H. *Employment Discrimination*  <br><br>442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)  <br><br>*(If pro se, select this deck)* | I. *FOIA/PRIVACY ACT*  <br><br>895 Freedom of Information Act  <br>890 Other Statutory Actions (if Privacy Act)  <br><br>*(If pro se, select this deck)* | J. *Student Loan*  <br><br>152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| K. *Labor/ERISA (non-employment)*  <br><br>710 Fair Labor Standards Act  <br>720 Labor/Mgmt. Relations  <br>730 Labor/Mgmt. Reporting & Disclosure Act  <br>740 Labor Railway Act  <br>790 Other Labor Litigation  <br>791 Empl. Ret. Inc. Security Act | L. *Other Civil Rights (non-employment)*  <br><br>441 Voting (if not Voting Rights Act)  <br>443 Housing/Accommodations  <br>444 Welfare  <br>440 Other Civil Rights  <br>445 American w/Disabilities-Employment  <br>446 Americans w/Disabilities-Other | M. *Contract*  <br><br>110 Insurance  <br>120 Marine  <br>130 Miller Act  <br>140 Negotiable Instrument  <br>150 Recovery of Overpayment & Enforcement of Judgment  <br>153 Recovery of Overpayment of Veteran's Benefits  <br>160 Stockholder's Suits  <br>190 Other Contracts  <br>195 Contract Product Liability  <br>196 Franchise | N. *Three-Judge Court*  <br><br>441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

| 1 Original Proceeding | 2 Removed from State Court | 3 Remanded from Appellate Court | 4 Reinstated or Reopened | 5 Transferred from another district (specify) | 6 Multi district Litigation | 7 Appeal to District Judge from Mag. Judge |
|---|---|---|---|---|---|---|

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

---

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23    **DEMAND $**    **JURY DEMAND:**    Check YES only if demanded in complaint    **YES**    **NO**

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    **YES**    **NO**    If yes, please complete related case form.

**DATE**            **SIGNATURE OF ATTORNEY OF RECORD**

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT  (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section **II**.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT:   The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint.  You may select only one category.  You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.