UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| TIG INSURANCE COMPANY, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 08-0528 (RMU) |
| | : | | |
| v. | : | Re Document Nos.: | 11, 12, 13 |
| | : | | |
| FIREMEN'S INSURANCE COMPANY OF WASHINGTON, D.C., | : | | |
| | : | | |
| Defendant. | : | | |

## MEMORANDUM OPINION

### DENYING WITHOUT PREJUDICE THE PLAINTIFF'S MOTION TO SEAL; DENYING WITHOUT PREJUDICE THE DEFENDANT'S MOTION TO COMPEL AND/OR FOR SANCTIONS

### I. INTRODUCTION

This matter comes before the court on plaintiff TIG Insurance Company's ("TIG" or "the plaintiff") motion for leave to file a summary judgment motion under seal, and defendant Firemen's Insurance Company of Washington, D.C.'s ("Firemen's" or "the defendant") motions to compel and for sanctions. Because the plaintiff has failed to provide the court with sufficient information to evaluate its motion for leave to file its summary judgment motion under seal, the court denies that motion without prejudice. Noting that the discovery the defendant seeks may reasonably have probative value, but further observing that the plaintiff failed to provide a privilege log the court denies without prejudice the defendant's motion to compel and/or for sanctions.

### II. FACTUAL & PROCEDURAL BACKGROUND

In August 2001 and again in March 2002, during the completion of Millennium Square (the "Project"), a one million square foot mixed-use building located in Washington, D.C., the

residential portion of the Project experienced significant flooding. Compl. ¶¶ 6-7. Investigation of the problem identified leaking from plumbing fittings and fixtures. *Id*. ¶ 8. At least eleven residents of the Project filed lawsuits (the "Resident Lawsuits") against 2200 M Street, LLC ("2200 M Street"), a limited liability subsidiary of Millennium Partnership, LLP ("Millennum") and owner of the Project, in the Superior Court of the District of Columbia and in this court, seeking compensation for the personal injury and property damage that resulted from the flooding. *Id*. ¶ 9.

The Resident Lawsuits resulted in the following insurance coverage and liability actions: 2200 M Street sued a number of the entities responsible for the design and construction of the Project in the Supreme Court of New York, *id*. ¶ 10; Millennium sued TIG, which participated in an Ownership Controlled Insurance Program providing general liability insurance coverage to Millennium and 2200 M Street, along with the contractors and sub-contractors participating in the construction of the Project, *id*.; and Millennium sued Firemen's, its comprehensive general liability carrier, seeking to compel Firemen's to provide Millennium a legal defense and indemnify it for any losses, *id*.

The insurance coverage and liability actions against the plaintiff and the defendant were resolved in accordance with a confidential Settlement Agreement and Release (the "Settlement Agreement"). *Id*. ¶ 11. In the Settlement Agreement, the plaintiff assumed the defense of Millennium, 2200 M Street and other related entities in the Resident Lawsuits, *id*. ¶ 12, and, the defendant agreed to pay the plaintiff 25% of the attorney's fees and expenses incurred in defending ten of the Resident Lawsuits brought against Millennium, *id*. ¶ 13.

In March 2008, the plaintiff filed this suit for breach of contract and a declaratory judgment to establish the defendant's obligation to fund 25% of the legal fees and expenses

incurred in defending Millennium and 2200 M Street. *Id*. ¶ 1. On August 7, 2008, the defendant propounded discovery on the plaintiff in the form of interrogatories and requests for production of documents. Def.'s Mot. to Compel and/or For Sanctions ("Def.'s Mot.") ¶ 3. Over the next eleven months, the defendant sent numerous letters to the plaintiff requesting answers to the interrogatories and the production of the requested documents, including the claim files and the settlement agreements from the underlying litigation. *Id.* ¶ 5. The plaintiff informed the defendant that it would not produce these documents, even though it had previously acknowledged that such information was discoverable. *Id*. ¶ 6.

On September 25, 2009, the plaintiff responded to the defendant's interrogatories and requests for production of documents by producing the Settlement Agreement and 5,291 pages of legal bills. *Id*. ¶ 7. The plaintiff did not, however, comply fully with the defendant's requests, claiming that a majority of the interrogatories and documents requested by the defendant were irrelevant and implicated attorney-client privilege. *Id*.

On October 20, 2009, the plaintiffs filed a motion for leave to file a summary judgment motion under seal and to place any future documents relating to the Settlement Agreement under seal. *See generally* Pl.'s Mot. to Seal ("Pl.'s Mot."). On October 23, 2009, the defendant filed a motion to compel the plaintiff to provide full and complete responses to the interrogatories and document requests and/or to sanction the plaintiff for failure to provide or participate in discovery. *See generally* Def.'s Mot. With both motions now fully briefed, the court turns to the parties' arguments.

## III. ANALYSIS

### A. The Court Denies Without Prejudice the Plaintiff's Motion to File Under Seal

The plaintiff moves for leave to file its summary judgment motion under seal and to place any future filings which discuss or disclose any of the terms or conditions of the Settlement Agreement under seal, citing as authority Federal Rule of Civil Procedure 7 and Local Civil Rule 5.1(j). Pl.'s Mot at 1. The plaintiff asserts that its motion for summary judgment should be sealed because it discusses and attaches the terms of the confidential Settlement Agreement. *Id*. Additionally, the plaintiff argues that a seal is necessary because the motion for summary judgment will necessarily contain confidential information. *Id.* The defendant counters that the plaintiff has not satisfied its burden, having failed to provide any support or citation to any relevant authority. Def.'s Opp'n to Pl.'s Mot. ("Def.'s Opp'n") at 1. Specifically, the defendant asserts that the plaintiff's motion merely cites to the instructions regarding the general form of sealed pleadings and the procedure for placing a matter under seal, but provides no authority relevant to whether its summary judgment motion ought to be sealed. *Id.*

When considering a motion to seal, the court begins with a "strong presumption in favor of public access to judicial proceedings." *United States ex rel. Schweitzer v. Oce, N.V.*, 577 F. Supp. 2d 169, 171 (D.D.C. 2008) (quoting *Equal Employment Opportunity Comm'n v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996)); *see also In re Sealed Case*, 237 F.3d 657, 666 (D.C. Cir. 2001) (citations omitted). Although strong, this presumption is not irrebutable. The Supreme Court has stated that "[e]very court has supervisory power over its own records and file, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 589 (1978) (internal citations omitted).

Whether the public should have access to judicial records and proceedings is a decision "best left to the sound discretion of the trial court, discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599 (cited in *United States v. Hubbard,* 650 F.2d 293, 316-17 (D.C. Cir. 1980)). To aid the court's analysis, the D.C. Circuit has established a six-factor balancing test for determining whether documents should be sealed. These factors are:

> (1) the need for public access to the documents at issue; (2) the extent to which the public had access to the document prior to the sealing order; (3) the fact that a party has objected to disclosure and the identity of that party; (4) the strength of the property and privacy interests involved; (5) the possibility of prejudice to those opposing disclosure; and (6) the purpose for which the documents were introduced.

*Johnson v. Greater Se. Cmty. Hosp.*, 951 F.2d 1268, 1277 n.14 (D.C. Cir. 1991) (citing *Hubbard* 650 F.2d at 317-22).

In the present case, the plaintiff's motion simply asserts that the documents at issue contain confidential information. Pl.'s Mot. at 1. Yet this assertion alone is not sufficient to properly evaluate the instant motion under the six-part balancing test articulated by this Circuit. *See Johnstown Feed & Seed, Inc. v. Cont'l W. Ins. Co.*, 2009 WL 866828, at *2 (D. Colo. Mar. 26, 2009) (recognizing that a motion setting forth only that the documents at issue were "confidential" and under the court's protective order was not compelling enough to grant a motion to seal). Accordingly, the court denies without prejudice the plaintiff's motion for leave to file its summary judgment motion under seal. *See DBI Architects, P.C. v. Am. Express Travel Related Servs. Co.*, 462 F. Supp. 2d 1, 7 (D.D.C. 2006) (denying a motion for leave to file under seal because the movant failed to provide legal authority for its request); *accord Interspan Distrib. Corp. v. Liberty Ins. Underwriters, Inc.*, 2009 WL 2588733, at *1 (S.D. Tex. Aug. 21, 2009).

## A. The Court Denies Without Prejudice the Defendant's Motion to Compel and/or For Sanctions

### 1. Legal Standard for a Motion to Compel

Federal Rule of Civil Procedure 26(b)(1) authorizes discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense . . ." FED. R. CIV. P. 26(b)(1). The term relevance "is broadly construed, and "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*.; *Food Lion, Inc. v. United Food & Commercial Workers Int'l Union*, 103 F.3d 1007, 1012 (D.C. Cir. 1997); *see also Smith v. Schelinger*, 513 F.2d 462, 473 n.37 (D.C. Cir 1975) (noting that "a party may discover information which is not admissible at trial if such information will have some probable effect on the organization and presentation of the moving party's case"). Put another way, "[a] showing of relevance can be viewed as a showing of need for the purpose of prosecuting or defending a specific pending civil action, [as] one is presumed to have no need of a matter not relevant to the subject matter involved in the pending action." *Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984). That said, relevancy does not encompass discovery of information with "no conceivable bearing on the case." *Id.* (citing 8 FED. PRAC. & PROD. 2 § 2008). A trial court enjoys considerable discretion over discovery matters. *Id*.; *United States v. Krizek*, 192 F.3d 1024, 1029 (D.C. Cir. 1999).

### 2. The Court Orders the Plaintiff to Respond to the Defendant's Discovery Requests or to Provide a Privilege Log if Appropriate

The defendant seeks disclosure of the plaintiff's claim files from each of the underlying cases and information regarding the administration and handling of those suits, as well as complete answers to the defendant's interrogatories. Def.'s Mot. ¶ 4. The plaintiff argues that

these documents and information are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because the defendant is not entitled to challenge the reasonableness of the legal bills already paid. Pl.'s Opp'n to Def's Mot. (Pl.'s Opp'n") at 3. Alternatively, the plaintiff argues that the defendant needs no additional factual information beyond what has already been produced in order to evaluate the reasonableness of the legal bills. *Id.* The plaintiff asserts that the production of the privileged communications requested by the defendant may constitute an improper waiver of the attorney-client privilege.[1] *Id.* Finally, the plaintiff argues that the defendant is not entitled to sanctions. *Id.*

The court notes at the outset that relevance is construed liberally, and there is no need to assure that the information requested is itself admissible, merely that the discovery request is reasonably calculated to lead to admissible evidence. *See Food Lion*, 103 F.3d at 1012. Courts construe the scope of discovery liberally to ensure that litigation proceeds with "the fullest possible knowledge of the issues and facts before trial," *Hickman v. Taylor*, 329 U.S. 495, 501 (1947), and must balance the need for discovery against the burden imposed on the person ordered to produce the documents. *See Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 424 (Fed. Cir. 1993); *Moore v. Hartman*, 241 F.R.D. 59, 63 (D.D.C. 2007).

In applying these principles to the present case, the court is persuaded that the billing documentation regarding the attorney's fees charged in connection with the underlying cases is relevant for purposes of Rule 26(b). This Circuit has established that even when attorney's fees

---

[1] The defendant's requests include, but are not limited to:
> Correspondence between [the plaintiff] and the attorneys defending the underlying claims regarding the underlying bills and any nonpayment or reduction[n] of the same . . . [a]ny litigation budgets or cost estimates prepared by the attorneys defending the underlying litigation . . . [a]ny correspondence between [the plaintiff] and the attorneys defending the underlying litigation regarding billing practices, invoices, and payment of defense costs.

Def.'s Mot. ¶ 9.

7

are stipulated in an agreement, the trial court may still inquire into the reasonableness of the fees claimed.[2] *Ideal Elec. Sec. Co. v. Int'l Fid. Ins. Co.*, 129 F.3d 143, 150 (D.C. Cir. 1997). Accordingly, despite the plaintiff's argument that the information requested by the defendant is not probative of any issue in this litigation, given that the present matter is centered around legal bills, the discovery propounded on the plaintiff could reasonably result in the production of admissible evidence pertaining to the reasonableness of the contested bills and is thus relevant. *See id.* at 152. Therefore, the benefits gained by the defendant in having access to additional facts and knowledge regarding the billing practices of the plaintiff outweigh the burden placed on the plaintiff in gathering the requested information.[3] *See Moore*, 241 F.R.D. at 63-64 (explaining that any risk of duplicative discovery or burdensomeness is outweighed by the benefits gained from providing the opportunity to seek relevant information and explore potentially probative matters). In effect, the court is persuaded that in this case, any burden placed on the plaintiff is outweighed by the risk of leaving probative matters unexplored. *See id.*

As for the plaintiff's argument that some of the information requested is privileged, the court notes that Rule 26(b)(5)(ii), requires that a party claiming such a privilege "describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties assess the claim." FED. R. CIV. P. 26(b)(5)(ii). The court also recognizes that the plaintiff did not prepare a privilege log. Def.'s Reply in Support of Def.'s Mot. ("Def.'s Reply") ¶ 7.

---

[2] The court notes the plaintiff's contention that this is simply a contractual dispute regarding the payment of a debt and, as such, it is immaterial that the underlying debt happens to be for attorney's fees. Pl.'s Opp'n at 5. The plaintiff does not, however, cite a single authority to support this distinction.

[3] Although the plaintiff alleges that the defendant's discovery requests are "unduly burdensome" and "overly broad," it does not provide any explanation for the undue burden or over-broadness. *See* Pl.'s Opp'n at 3.

Nevertheless, the court generally does not deem a party to have waived a privilege because it did not provide an adequate privilege log. *See Smith v. Café Asia*, 256 F.R.D. 247, 251 (D.D.C. 2009) (citing *United States v. Philip Morris Inc.*, 347 F.3d 951, 954 (D.C. Cir. 2003) (holding that waiver because of failure to file a privilege log is a serious sanction most suitable for cases of unjustified delay, inexcusable conduct and bad faith)).

In the present case, the plaintiff failed to provide a privilege log, asserting instead that the defendant is "cognizant of the nature of the documents that the plaintiff seeks to protect from disclosure." Pl.'s Opp'n at 10. Yet the plaintiff's statement does not satisfy Rule 26(b)(5)(ii), since it does not provide any specific indication as to why providing the defendant with the requested documents would violate the attorney-client privilege or would result in the waiver of the privilege of its insured, Millennium.[4] *Id*. at 9. Accordingly, the court denies without prejudice the defendant's motion to compel discovery and orders the plaintiff to supply full and complete answers to the interrogatories and to comply with all of the defendant's document requests or to provide a privilege log explaining why it is withholding specific documents or information. Any document, or portion of a document, that the plaintiff withholds to maintain privilege must be recorded in a privilege log, and adequate justification provided.[5] Because the

---

[4] This Circuit narrowly defines privilege as "the communication from the client to the attorney and protects only what the client says. It protects what the attorney says to the client only if it will reveal what the client told the lawyer." *Athridge v. Aetna Cas. & Sur. Co.*, 184 F.R.D. 200, 209 (D.D.C. 1998). Moreover, the communication must be made "in confidence for the purpose of obtaining legal advice from the lawyer." *Schefler v. United States*, 702 F.2d 233, 245 (D.C. Cir. 1983).

[5] It is worth noting that the court does not recognize an implicit attorney-client privilege in all insured-insurer communications; instead, this privilege arises only when such communication is for the purpose of pursuing legal representation or the procurement of legal advice. *See Linde Thomson Langworth Kohn & Van Dyke, P.C. v. RTC*, 5 F.3d 1508, 1515 (D.C. Cir. 1993) (noting that communication between the insurer and insured may be for a variety of reasons and only communication pertaining to legal representation or the procurement of legal advice is afforded attorney-client privilege). Accordingly, any privilege claimed by the plaintiff should adhere to this standard.

court denies without prejudice the defendant's motion to compel it also denies without prejudice its motion for sanctions based on the same conduct.

## IV.  CONCLUSION

For the foregoing reasons, the court denies without the prejudice the plaintiff's motion to seal, denies without prejudice the defendant's motion to compel discovery and denies without prejudice the defendant's motion for sanctions.  An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 22nd day of June, 2010.


                                        RICARDO M. URBINA
                                        United States District Judge